■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR Ross, Appellant.— Judgment of the County Court, Westchester County, rendered October 9, 1973 on resentence, affirmed. No opinion. Martuscello, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum: In my opinion defendant's conviction is contrary to the weight of the evidence. Defendant stands convicted of the crimes of grand larceny in the second degree and issuing a bad check. The crimes charged arose out of a purported sale of rare coins to defendant by the complainant. The complain-

ant testified that "a few days before" December 20, 1971 he sold certain rare coins to defendant and received a $3,300 check in payment therefor; that later that night defendant returned to the complainant's home, gave him back the coins and took back his check; that on the night of December 20, 1971 and into the early morning of the next day, a sale of the coins was again consummated between defendant and the complainant; and that defendant paid him with a $3,300 check dated December 21, 1971. Payment of the check was refused by the bank when it was personally presented by the complainant on December 23, 1971. An officer of the bank testified that he was instructed by defendant on December 16, 1971 to stop payment on a check in the amount of $3,300 payable to the complainant. He did not recall whether he had been informed of the date on the check. As a consequence, the bank refused to honor the check dated December 21, 1971 presented by the complainant. Defendant testified that he gave only one check to the complainant. He said he purchased the coins on December 14, 1971 and paid for them by the check in question which was post-dated to December 21st, 1973; that he returned the coins to the complainant the following night; and that the complainant then told him that the check was at his office and that he would tear it up. Defendant thereupon, as a precaution, requested the bank to stop payment on the check. Evidence was also introduced to the effect that defendant sold his home on December 20, 1971. He was at his lawyer's office until sometime after 7:00 P.M. and immediately thereafter left the State with his family en route to Florida. These convictions rest upon the supposition that on December 16, 1971 defendant stopped payment on a check which he was not to issue for another 4½ days even though the complainant might then no longer have had the coins, or the price might have changed, or the complainant might not have cared to enter into negotiations at a late hour with a buyer en route to another State with his family. Such an incredible supposition cannot replace proof. Accordingly, the judgment should be reversed and the indictment dismissed.